UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARCY HARPER, | No. 2:25-cv-2602 CSK P |
| Plaintiff, | |
| v. | <u>ORDER REFERRING CASE TO ADR AND STAYING CASE FOR 120 DAYS</u> |
| DR. SINGH, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding without counsel. Defendant has answered the complaint.

The undersigned is referring all post-screening civil rights cases filed by pro se state inmates to ADR (Alternative Dispute Resolution) in an effort to resolve such cases more expeditiously and less expensively. Defense counsel from the Office of the California Attorney General has agreed to participate. No defenses or objections shall be waived by their participation.

As set forth in the screening order, plaintiff has stated a potentially cognizable civil rights claim. Thus, the court stays this action for a period of 120 days to allow the parties to investigate plaintiff's claims, meet and confer, and then participate in a settlement conference.

////

////

1

   There is a presumption that all post-screening prisoner civil rights cases assigned to the undersigned will proceed to settlement conference.[1] However, if after investigating plaintiff's claims and speaking with plaintiff, and after conferring with defense counsel's supervisor, defense counsel in good faith finds that a settlement conference would be a waste of resources, defense counsel may move to opt out of this pilot project. A motion to opt out must be filed within forty-five days of the date of this order.

   Once the settlement conference is scheduled, at least seven days prior to the conference, the parties shall submit to the settlement judge a confidential settlement conference statement. The parties' confidential settlement conference statements shall include the following: (a) names and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a short procedural history; (d) an analysis of the risk of liability, including a discussion of the efforts made to investigate the allegations; and (e) a discussion of the efforts that have been made to settle the case. Defendants shall e-mail the settlement conference statement to the settlement judge's e-mail box for proposed orders, available on the court's website. Plaintiff shall place his settlement conference statement in the U.S. mail addressed to the settlement conference judge, United States District Court, 501 I Street, Sacramento, CA  95814. Plaintiff shall mail his settlement conference statement so that it is received by the court at least seven days before the settlement conference.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1. This action is stayed for 120 days to allow the parties an opportunity to settle their dispute before the discovery process begins. Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action. The parties shall not engage in formal discovery, but the parties may elect to engage in informal discovery.

   2. Within forty-five days from the date of this order, defendants shall file any motion to opt out of the Post-screening ADR Project. If the defendant is not going to opt out, defense

---

[1] If the case does not settle, the court will issue a discovery and scheduling order.

1  counsel must contact the assigned magistrate judge's courtroom deputy to schedule a settlement
2  conference within seven days of the deadline for opting out or the decision that no motion to opt
3  out will be filed, whichever is sooner.
4      3. At least seven days prior to the settlement conference, each party shall submit a
5  confidential settlement conference statement, as described above, to the settlement judge.
6  Defendants shall e-mail the settlement conference statement to the settlement judge's proposed
7  orders e-mail address.  Plaintiff shall place his settlement conference statement in the U.S. mail
8  addressed to the settlement judge, United States District Court, 501 I Street, Sacramento, CA
9  95814.  Plaintiff shall mail his settlement conference statement so that it is received by the court
10 at least seven days before the settlement conference.
11     4. If a settlement is reached at any point during the stay of this action, the parties shall file
12 a Notice of Settlement in accordance with Local Rule 160.
13     5. The parties remain obligated to keep the court informed of their current addresses at all
14 times during the stay and while the action is pending.  Any change of address must be reported
15 promptly to the court in a separate document captioned for this case and entitled "Notice of
16 Change of Address."  See L.R. 182(f).  Service of documents at the address of record for a party
17 is fully effective.  Id.  A party's failure to inform the court of a change of address may result in
18 the imposition of sanctions including dismissal of the action.
19     6. Unless otherwise ordered, all motions to dismiss, motions for summary judgment,
20 motions concerning discovery, motions pursuant to Federal Rules of Civil Procedure 7, 11, 12,
21 15, 41, 55, 56, 59 and 60, and Local Rule 110, shall be briefed pursuant to Local Rule 230(l).
22 Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion.
23 L.R. 230(l).  Opposition to all other motions need be filed only as directed by the court.
24     7. The failure of any party to comply with a Court order, the Federal Rules of Civil
25 Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but
26 not limited to, dismissal of the action or entry of default.  See Fed. R. Civ. P. 41(b).
27 Dated:  October 21, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

28 /1/harp2602.ADR.post ans

3