UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARCY HARPER,

Plaintiff,

v.

DR. SINGH,

Defendant.

No.  2:25-cv-2602 CSK P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding without counsel with this civil rights action filed pursuant to 42 U.S.C. § 1983.  For the reasons stated herein, this Court recommends that this action be dismissed for plaintiff's failure to prosecute.

In this Court's December 11, 2025 order, plaintiff was advised that motions to compel discovery are briefed under Local Rule 230(l).  (ECF No. 10 at 5.)  On April 9, 2026, defendant filed a motion to compel discovery. (ECF No. 11.)  Plaintiff did not file an opposition.  (See Docket.)  On May 20, 2026, plaintiff was cautioned that he is required to cooperate in discovery, and that failure to do so may result in the imposition of sanctions, including, but not limited to, a recommendation that this action be dismissed.  (ECF No. 12 at 1 (citing Fed. R. Civ. P. 37(b)(2)(A), Fed. R. Civ. P. 37(d)(3)).)  Plaintiff was granted fourteen days to file an opposition to the pending discovery motion, and again cautioned that failure to file an opposition may result in an order granting the motion to compel discovery, the imposition of sanctions, including, but

1

not limited to, a recommendation that this action be dismissed.  (Id. at 2.)  More than fourteen days have now passed, and plaintiff has not filed an opposition to the pending motion to compel discovery or otherwise responded to this Court's order.  (See Docket.)

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110.  "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action.  Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules.  See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, plaintiff failed to file an opposition to defendant's motion to compel discovery responses, and failed to file an opposition after this Court ordered plaintiff to do so.  The Court cannot effectively manage its docket if plaintiff ceases litigating this case.  In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California.  Thus, this Court finds that the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.  The third factor—prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air W., 542 F.2d 522, 524 (9th Cir.

1976).  The fourth factor—public policy favoring a disposition of actions on its merits—arguably weighs against dismissal.  The fifth factor—availability of less drastic sanctions—favors dismissal.  Despite being granted additional time to oppose the pending motion to compel discovery, plaintiff has not filed an opposition or otherwise responded to this Court's order.  Because plaintiff has apparently abandoned this action, less drastic sanctions are not warranted.

Despite that public policy favors disposition on the merits, this Court finds that the other factors discussed above weigh in favor of dismissal.  Accordingly, this Court recommends dismissal of this action based on plaintiff's failure to prosecute.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that this action be dismissed for failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 11, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/harp2602.dlop

3