UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARCY HARPER, | No.  2:25-cv-2602 DJC CSK P |
| Plaintiff, | |
| v. | ORDER |
| DR. SINGH, | |
| Defendant. | |

Plaintiff is a former state prisoner, proceeding without counsel.  Two matters are pending, which this Court addresses seriatim.

I.      MOTION TO COMPEL DISCOVERY

A.  Background

On April 9, 2026, defendant filed a motion to compel plaintiff's responses to written discovery requests.  (ECF No. 11.)  Plaintiff did not file an opposition, and on June 11, 2026, after plaintiff was granted an extension of time on May 20, 2026, this Court recommended that this action be dismissed based on plaintiff's failure to prosecute this action.  (ECF Nos. 12, 14.)  On June 24, 2026, plaintiff filed an untimely opposition to the motion to compel, claiming plaintiff mailed documents plaintiff felt were "pertinent in this matter."  (ECF No. 15 at 1.)  Plaintiff states that defendant seeks more than plaintiff has, and defendant has more access to some of the documents than plaintiff.  (Id.)  Plaintiff also asks that defendant "produce discovery

1

and all documents pertaining to this matter in hard copy." (Id.)  In reply, defendant objects that plaintiff failed to provide a written response identifying what documents are responsive to each request.  (ECF No. 16 at 1.)  Defendant states that a few days before the findings and recommendations were issued, plaintiff mailed defendant a package of unorganized documents, but did not include a written response to each item identified in the request for production of documents.  (Id.)  On June 19, 2026, defendant wrote to plaintiff and advised that to the extent the package of documents was an attempt to respond to the discovery request, his responses were deficient, explaining why, and informed plaintiff that defendant would not withdraw his pending motion to compel discovery.  (Id. at 2.)  Defendant notes that plaintiff claims he is trying to obtain additional evidence at this time.  (Id. at 3.)

    B.  Discussion

    In light of plaintiff's response, the findings and recommendations are vacated.  As argued by defendant, plaintiff's discovery responses, mailed as a packet of unorganized documents without an accompanying response identifying which request the document responded to, are insufficient.  Plaintiff's documents did not contain a response to each request for production.  Thus, plaintiff's recent mailing is unresponsive.  Plaintiff's pro se status does not excuse him from responding to discovery requests.  See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000) (pro se litigants are expected to know and comply with the rules of civil procedure).  Lack of a lawyer does not excuse intentional noncompliance with discovery rules and court orders.  See Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam) (affirming sanction of dismissal and holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery").  In addition, "[r]esponses to written discovery requests shall be due forty-five days after the request is served." (ECF No. 10 at 4.)  The request for production of documents was served on plaintiff on February 4, 2026.  (Id. at 6.)  Thus, plaintiff's response was also untimely.

    Courts have frequently applied a good cause standard to determine whether to excuse any waiver of objections to requests for production of documents under Rule 34.  Homesite Ins. Co.

of the Midwest v. Howell, 2022 WL 17403215, at *2 (W.D. Wash. Dec. 2, 2022) (same good cause exception applies to both responses to interrogatories under Rule 33 and responses to requests for production under Rule 34).

Plaintiff's responses to the request for production of documents were due on March 23, 2026. (ECF No. 11 at 3.) Plaintiff has failed to show good cause for his failure to timely respond to the request for production of documents.[1] Therefore, the Court finds that plaintiff has waived any objections to the request for production of documents and grants defendant's motion to compel responses. (ECF No. 11.) Plaintiff shall respond to the request for production of documents within 21 days from the date of this order. In the event plaintiff does not comply, defendant may move for sanctions, including terminating sanctions.    .

II.    MOTION TO AMEND SCHEDULING ORDER

A.    Background

Defendant seeks to stay the pretrial motions deadline pending resolution of the outstanding discovery responses and the motion to compel production of documents. (ECF No. 17.) Defendant contacted plaintiff, who is not opposed to staying the pretrial motions deadline and expressed an interest in discussing settlement. (Id. at 6.) Defendant argues that staying the pretrial motions deadline would allow the parties to explore potential settlement. (Id.)

B.    Governing Standards

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

---

[1] In his opposition, plaintiff also asks that the "defense produce discovery and all documents pertaining to this matter in hard copy." (ECF No. 15 at 1.) Plaintiff is advised that his request is improper; discovery requests are propounded to the parties, not to the court. In addition, the deadline for propounding discovery in this action has passed. (ECF No. 10 at 5.)

3

C. Discussion

Defendant has shown good cause to stay the pretrial motions deadline. Because the Court is granting the motion to compel discovery by this order, the pretrial motions deadline is stayed for sixty days to permit plaintiff time to respond to the request for production of documents and for the parties to discuss settlement.

III.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.   The findings and recommendations (ECF No. 13) are vacated.

2.   Defendant's motion to compel (ECF No. 11) is GRANTED.

3.   Plaintiff shall respond to the request for production of documents within 21 days from the date of this order. Plaintiff is cautioned that failure to timely respond may result in an order imposing sanctions, including, but not limited to, a recommendation that this action be dismissed.

4.   Defendant's motion to amend the scheduling order (ECF No. 17) is GRANTED.

5.   The pretrial motions deadline is stayed for sixty days from the date of this order. In all other respects, the discovery and scheduling order (ECF No. 10) remains in effect.

Dated:  July 6, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/harp2602.mtc.16b

4